IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JOSE VASQUEZ                                                                                          PLAINTIFF

vs.                                         NO: 4:08CV04143 BSM

TED THOMAS                                                                                         DEFENDANT

**<u>ORDER</u>**

Plaintiff, a citizen of Mexico, filed this action for specific performance and breach of contract with respect to land in White County, Arkansas he claims to have purchased from defendant. Plaintiff alleges that defendant made false and deceptive statements regarding defendant's reservation of mineral rights at the closing to induce plaintiff to accept the deed. Plaintiff asks that defendant convey to him by warranty deed the mineral rights to the property.

Defendant has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). (Doc. No. 3). Defendant contends that plaintiff does not own the real property in question and therefore does not have standing to bring this action. Defendant further contends that there is not diversity of citizenship as the real owner of the property is an Arkansas corporation and defendant is an Arkansas citizen.

Generally, in considering a motion to dismiss, the court views the complaint and inferences flowing therefrom in the light most favorable to the plaintiff. *Hastings v. Wilson*, 516 F.3d 1053, 1058 (8th Cir. 2008). The party claiming jurisdiction, however, has the burden of proving subject matter jurisdiction by a preponderance of the evidence. *OnePoint*

*Solutions, LLC v. Borchert*, 486 F.3d 342, 347 (8th Cir. 2007). Because a motion under Rule 12(b)(1) challenges the threshold question of the jurisdiction of the court, "the court may look outside the pleadings in order to determine whether subject matter jurisdiction exists." *Green Acres Enters., Inc. v. United States*, 418 F.3d 852, 856 (8th Cir. 2005). *See Jessie v. Potter*, 516 F.3d 709, 712 (8th Cir. 2008) (Rule 12(b)(1) motion to dismiss can be decided in three ways; at the pleading stage, like a Rule 12(b)(6) motion; on undisputed facts, like a summary judgment motion; and on disputed facts, where the court can take evidence at a hearing.).

The exhibits attached to the complaint are the only pieces of evidence before the court. That evidence consists of the Offer and Acceptance Agreement (real estate contract), and the Warranty Deed. Plaintiff is listed as the buyer in the real estate contract, and signed the contract as buyer. An aggrieved party to a contract has standing to sue for breach of contract. *See DeLukie v. Am. Petroleum Co.*, 170 Ark. 453 (1926). *See also Perry v. Baptist Health*, 358 Ark. 238, 245 (2004) (third-party beneficiary can bring a claim for breach of contract).

The plaintiff has standing to bring this action because there is evidence showing that plaintiff was the purchaser of the property in question. Further, the court has subject-matter jurisdiction because plaintiff is not a resident of the state of Arkansas and defendant is. Therefore, the parties are diverse.

Accordingly, the motion to dismiss (Doc. No. 3) is denied.

IT IS SO ORDERED this 27th day of January, 2009.

_____
UNITED STATES DISTRICT JUDGE