**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**JOSE VASQUEZ**                                                                 **PLAINTIFF**

vs.                             **NO: 4:08CV4143 BSM**

**TED THOMAS**                                                                **DEFENDANT**

**ORDER**

Defendant Ted Thomas moves for summary judgment (Doc. No. 12) on plaintiff Jose Vasquez's action for specific performance and breach of contract to purchase land in White County, Arkansas. Thomas asserts that summary judgment is appropriate because Vasquez lacks standing to bring this action and that this court lacks jurisdiction because Thomas and Roadrunner Construction, Inc., the real parties in interest, are not diverse. Summary judgment is granted because, when the facts are viewed in the light most favorable to Vasquez, he does not have standing to bring this suit.

I. FACTUAL BACKGROUND

On June 7, 2005, Thomas entered a real estate contract to sell Jose Vasquez d/b/a Roadrunner Construction, Inc. ("Roadrunner") property that Thomas owned in White County, Arkansas. Defendant's motion for summary judgment ("Deft.'s motion"), Exhibit A. Vasquez, a citizen of Mexico, is the registered agent for Roadrunner, an Arkansas corporation. Deft.'s motion, Exhibit C. On October, 3, 2005, the property was conveyed to Roadrunner by warranty deed. Deft.'s motion, Exhibit B. Roadrunner paid a partial payment of $106,771.47 by cashier's check. Deft.'s motion, Exhibit H. To complete the purchase,

Roadrunner mortgaged the property three times. Deft.'s motion, Exhibits D, E, and F. The record is devoid of any evidence showing that any portion of the property was conveyed to Vasquez or that Vasquez has any personal interest in the property.

On November 12, 2008, Vasquez sued Thomas in federal court claiming misrepresentation. Vasquez asserts diversity jurisdiction because he is a Mexican citizen and Thomas is a citizen of Arkansas. Thomas moved to dismiss the case (Doc. No. 3), asserting that Vasquez lacked standing to bring this case because the deed conveyed the property to Roadrunner, a corporation, and because Vasquez has no personal interest in the property. Noting that all facts were taken in the light most favorable to Vasquez and that the real estate contract listed Vasquez as a buyer of the property, the motion to dismiss was denied on January 27, 2009 (Doc. No. 8).

Thomas moves for summary judgment, arguing that Vasquez is not an appropriate party to this lawsuit because the property was deeded to Roadrunner and not Vasquez. For this reason, Thomas asserts that Vasquez lacks standing to bring this suit. Thomas further asserts that this court lacks jurisdiction because, even if Roadrunner is substituted as a plaintiff, Roadrunner is an Arkansas corporation. Therefore, there would be no diversity of citizenship. In support of his motion for summary judgment, Thomas proffers several documents showing that Vasquez was not a party to the purchase of the property.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper when there are no genuine issues of material fact in dispute and the moving party is entitled to a judgment as a matter of law. *Nelson v. Corr. Med. Servs.,* 533 F.3d 958, 961 (8th Cir. 2008) (citing Fed. R. Civ. P. 56; *Brown v. Fortner*, 518 F.3d 552, 558 (8th Cir. 2008)). When reviewing the record pursuant to a summary judgment request, all evidence must be viewed in the light most favorable to the nonmoving party. *Id.* The moving party must demonstrate an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

Once the moving party demonstrates that there are no genuine issues of material fact in dispute, the nonmoving party cannot rest on mere allegations or denials found in his pleading, but must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). Further, the nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The mere existence of an alleged factual dispute will not defeat a properly supported motion for summary judgment because there must be an actual factual dispute that is material to the outcome of the case. *Bloom v. Metro Heart Group of St. Louis, Inc.*, 440 F.3d 1025, 1029 (8th Cir. 2006); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1985).

### III. DISCUSSION

Although Thomas's motion to dismiss was denied, his motion for summary judgment is granted because there is no proof that Vasquez has standing to bring this suit. Vasquez was not required to provide proof opposing the motion to dismiss because, at that stage, plaintiffs are only required to "raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing Fed. R. Civ. P. 12(b)(6)). Therefore, this court found that the sparse allegations in the complaint, along with the real estate contract, were sufficient to overcome Thomas's motion to dismiss.

Vasquez was required, however, to meet proof with proof when responding to Thomas's motion for summary judgment, and because he failed to do so, summary judgment is appropriate. *Matsushita*, 475 U.S. at 587. Thomas clearly conveyed the disputed property to Roadrunner, not Vasquez. Indeed, it is undisputed that the October 3, 2005 warranty deed conveyed the property to Roadrunner and nothing in the record shows that Vasquez was ever conveyed an interest in the property. It is therefore undisputed that Vasquez has no standing to bring this case and that summary judgment is appropriate.

### IV. CONCLUSION

Viewing the facts in the light most favorable to Vasquez, there are no genuine issues of material fact in dispute and summary judgment is appropriate. Thomas's motion for summary judgment (Doc. No. 12) is therefore granted and Vasquez's complaint is dismissed

with prejudice. Thomas's contingent motion to withdraw as counsel (Doc. No. 19) and his amended motion to withdraw as counsel (Doc. No. 22) are moot.

IT IS SO ORDERED this 18th day of December, 2009.

_____
UNITED STATES DISTRICT JUDGE